FILED

JUL 10 2013

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LISA C. LUCKETT and<br>HENRY J. BILLUPS III,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CRIMINAL NO. 13-30165-DRH<br><br>Title 18, United States Code, Section 1347 |

## INDICTMENT

**THE GRAND JURY CHARGES:**

1. **LISA C. LUCKETT** and **HENRY J. BILLUPS III** schemed to defraud the State of Illinois Medicaid Home Services program by falsely claiming and taking payments for personal assistant services not actually performed and for services not performed by the person or in the manner claimed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant. The personal assistant also must be qualified to participate or receive payment from the state of Illinois Medicaid Home Services.

2. The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who with assistance in performing daily living activities in the home would not require similar care in a nursing home. The Illinois Department of Human Services, Division of

Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3. On September 1, 2006, **LUCKETT,** in furtherance of the scheme to defraud, completed a form entitled "Employment Agreement between Customer and Personal Assistant." The personal assistant was fraudulently identified as her daughter SL and the qualified Medicaid beneficiary was identified as DC. DC was to reside in **LUCKETT's** the home.

4. From on or about December 15, 2007, through on or about June 30, 2011, **LUCKETT,** in furtherance of the scheme to defraud, submitted Home Service Time Sheet where she falsely claimed that SL performed approximately 3,534.25 hours of personal assistant services for DC. Each form included the following warning:

- *The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

5. In or around July of 2011, SL learned from the Internal Revenue Service that her name was being used by **LUCKETT** to receive funds from the State of Illinois Medicaid Home Services program. During this time period, SL advised **LUCKETT** to stop using her name because the Internal Revenue Service believed this to be unreported income.

6. In or around July of 2011, **LUCKETT** sought the assistance of **BILLUPS** to continue defrauding the State of Illinois Medicaid Home Services program.

2

7. In or around July of 2011, **BILLUPS** agreed to participate in the scheme to defraud by agreeing to allow his name to be used by **LUCKETT** to bill the State of Illinois Medicaid Home Services program.

8. On July 18, 2011, **BILLUPS** at the direction of **LUCKETT**, and in furtherance of the scheme to defraud, completed an "Employment Agreement between Customer and Personal Assistant" with qualified Medicaid beneficiary DC.

9. From on or about July 29, 2011, through on or about November 30, 2012, **LUCKETT** submitted Home Service Time Sheets where she falsely claimed that **BILLUPS** performed approximately 1,641.75 hours of personal assistant services for "DC". Each form included the following warning:

- *The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

10. From on or about December 14, 2012, through on or about March 15, 2013, **LUCKETT** submitted Home Service Time Sheets where she falsely claimed that **BILLUPS** performed approximately 397 hours of personal assistant services for DC. Each form included the following warning:

- *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

The Individual Provider Payment Policies form included the following language:

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

- *Individual Providers are not allowed to subcontract. Subcontracting means letting someone else work in your place, putting the time on your time sheet and then paying them yourself. This is not only an illegal practice but also causes problems with Social Security withholding. Each Individual Provider will only be paid for services which he or she provided directly to the customer.*

11. From on or about September 28, 2006, through on or about August 19, 2011, **LUCKETT** cashed approximately $31,720.92 in checks in the name of SL and approximately $25,650.66 in additional payments that were made by wire transfers in the name of SL for a total of $57,371.58 received during the time period. These payments were fraudulent in that SL performed no services and the forms submitted to Medicaid contained materially false representations.

12. From on or about September 2, 2011, through on or about April 5, 2013, **BILLUPS** cashed approximately $20,965.38 in checks in his name that were for personal assistant services that he did not perform. **BILLUPS** gave a portion of the money received to **LUCKETT**.

4

## Count 1
**Health Care Fraud**

13. Paragraphs 1 through 12 are realleged and incorporated in Count 1.

14. On or about December 15, 2007, through on or about June 30, 2011, in St. Clair County, within the Southern District of Illinois,

**LISA C. LUCKETT,**

defendant herein, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting false and fraudulent time sheets to Medicaid in violation of Title 18, United States Code, Section 1347.

## Count 2
**Health Care Fraud**

15. Paragraphs 1 through 12 are realleged and incorporated in Count 2.

16. On or about July 29, 2011, through on or about March 15, 2013, in St. Clair County, within the Southern District of Illinois,

**LISA C. LUCKETT and**
**HENRY J. BILLUPS III,**

defendants herein, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting false and fraudulent time sheets to Medicaid in violation of Title 18, United States Code, Section 1347.

RANLEY R. KILLIAN
WILLIAM E. COONAN
Assistant United States Attorneys

STEPHEN R. WIGGINTON
United States Attorney

Recommended Bond: $10,000 unsecured