## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.   13-cr-30165-DRH-2** |
| | ) | |
| **HENRY J. BILLUPS, III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

On July 11, 2013, defendant Henry J. Billups, III, was released on bond.   The conditions of his bond required, among other things, that he refrain from any use or unlawful possession of narcotic drugs and other controlled substances, that he submit to drug testing as directed by the U.S. Probation Office, and that he participate in substance abuse therapy and counseling as directed by his supervising officer.   **See, Doc. 17.**

This matter is now before the court on the Government's Oral Motion to Revoke Bond, **Doc. 24**.

The Court held an evidentiary hearing on August 12, 2013.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

(1) finds that there is–
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;   or
(B) clear and convincing evidence that the person has violated any other condition of release;   and
(2) finds that–
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community;

or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.   If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.   **18 U.S.C. § 3148(b).**

The parties proceeded by way of proffers.   Based upon the information presented, the court finds by clear and convincing evidence that defendant illegally used controlled substances, including cocaine and heroin, on multiple occasions while on bond.   Further, defendant has been unsuccessful in an attempt at substance abuse treatment.

The court finds, based on the factors set forth in 18 U.S.C. §3142(g), that no condition or combination of conditions will assure that Henry J. Billups, III, will not pose a danger to the safety of any other person or the community.   This Court finds that it is highly unlikely that he would abide by any condition or combination of conditions of release which could be devised.

**IT IS THEREFORE ORDERED** that the Government's oral motion to revoke defendant's bond is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Henry J. Billups, III, be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent

2

practicable from persons awaiting or serving sentences or being held in custody pending appeal;
that the defendant be afforded reasonable opportunity for private consultation with his counsel;
and, that, on order of a court of the United States, or on request of an attorney for the Government,
the person in charge of the corrections facility in which the defendant is confined deliver the
defendant to a United States Marshal for the purpose of an appearance in connection with a court
proceedings.

      **IT IS SO ORDERED.**

      **DATED:   August 12, 2013.**

                       **s/ Clifford J. Proud**
                       **CLIFFORD J. PROUD**
                       **UNITED STATES MAGISTRATE JUDGE**