IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FILED**

**SEP 0 4 2013**

**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 13-30165-DRH |
| ) | |
| HENRY J. BILLUPS III, ) | |
| ) | |
| Defendants. ) | |

## STIPULATION OF FACTS

The attorney for the Government and Defendant **HENRY J. BILLUPS III** stipulate to the following:

1. That LISA C. LUCKETT and **HENRY J. BILLUPS III** schemed to defraud the State of Illinois Medicaid Home Services program by falsely claiming and taking payments for personal assistant services not actually performed and for services not performed by the person or in the manner claimed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant. The personal assistant also must be qualified to participate or receive payment from the state of Illinois Medicaid Home Services.

2. That the Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who with assistance in performing daily living activities in the home would not require similar care in a nursing home. The Illinois Department of Human Services, Division of

1

Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3. That in or around July of 2011, LUCKETT sought the assistance of **BILLUPS** to defraud the State of Illinois Medicaid Home Services program.

4. That in or around July of 2011, **BILLUPS** agreed to participate in the scheme to defraud by agreeing to allow his name to be used by LUCKETT to bill the State of Illinois Medicaid Home Services program.

5. That on July 18, 2011, **BILLUPS** at the direction of LUCKETT, and in furtherance of the scheme to defraud, completed an "Employment Agreement between Customer and Personal Assistant" with qualified Medicaid beneficiary DC.

6. That from on or about July 29, 2011, through on or about November 30, 2012, LUCKETT submitted Home Service Time Sheets where she falsely claimed that **BILLUPS** performed approximately 1,641.75 hours of personal assistant services for DC. Each form included the following warning:

- *The intentional falsification of any information submitted on this form could lead to criminal prosecution.*

7. That from on or about December 14, 2012, through on or about March 15, 2013, LUCKETT submitted Home Service Time Sheets where she falsely claimed that **BILLUPS** performed approximately 397 hours of personal assistant services for DC. Each form included the following warning:

- *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information*

2

*submitted on this form could lead to criminal prosecution.*

The Individual Provider Payment Policies form included the following language:

- *Individual Providers can only be paid for the hours they worked for the customer per the HSP Service Plan. Billing for hours not worked constitutes Medicaid fraud.*

- *Individual Providers are not allowed to subcontract. Subcontracting means letting someone else work in your place, putting the time on your time sheet and then paying them yourself. This is not only an illegal practice but also causes problems with Social Security withholding. Each Individual Provider will only be paid for services which he or she provided directly to the customer.*

8. That from on or about September 2, 2011, through on or about April 5, 2013, **BILLUPS**, at the direction of Luckett, cashed approximately $20,965.38 in checks in his name that were for personal assistant services that he did not perform. **BILLUPS** gave the majority of the money received to LUCKETT, keeping around $40.00 to $50.00 dollars per check. Each check was approximately $500.00.

**IT IS SO STIPULATED.**

STEPHEN R. WIGGINTON
United States Attorney

HENRY J. BILLUPS, II
Defendant

RANLEY R. KILLIAN
Assistant United States Attorney

DANIEL R. SCHATTNIK
Attorney for Defendant

Date: 09/04/2013

Date: 9-4-2013

3